Donald L. LOUX,
*Appellant,*

*v.*

OREGON STATE POLICE
and John C. Williams,
*Respondents.*

(90C-10511; CA A69910)

838 P2d 1093

David C. Force, Salem, argued the cause for appellant. With him on the briefs was Vick & Gutzler, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals a summary judgment in favor of defendants. ORCP 47C. He argues that defendants breached an oral agreement to reinstate him to the rank of sergeant. We affirm.

Plaintiff was an Oregon State Police sergeant. In August, 1983, he delayed the processing of his stepson's traffic citation so that the stepson could enlist in the military. The incident was reported to Superintendent Williams, and disciplinary action was recommended. After plaintiff was informed of his rights[1] under department rules, he elected to appear before Williams rather than before a Board of Inquiry. As a result of the meeting with Williams, plaintiff was demoted to the rank of senior trooper, subject to a reevaluation of his fitness to resume his former rank three months later.

On December 6, 1983, Lieutenant Walden, plaintiff's supervisor, sent a memorandum to Williams recommending that plaintiff not be reinstated. Plaintiff requested an interview with Williams, which occurred on December 12, 1983. Thereafter, Williams approved plaintiff's transfer to the Cottage Grove station and required monthly performance evaluation reports. He was never promoted to sergeant and began to experience psychological problems. He was later determined to be disabled and retired in 1987. He claims damages resulting from not being reinstated to the rank of sergeant.

In a summary judgment proceeding, the moving party has the burden of showing that there are no genuine issues of fact and that it is entitled to judgment as a matter of law. We review the record in the light most favorable to the nonmoving party. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

Plaintiff contends that, at the meeting in September, defendants promised to reinstate him, that the agreement was modified in December and that it was subsequently breached. Defendants argue that there was no consideration

---

[1] Under department rules, plaintiff could elect one of these procedures: (1) an independent investigation of the allegations by a Personnel Review Officer; (2) appearance before a Board of Inquiry; (3) appearance directly before the Superintendent; or (4) acceptance of the recommendation.

to support either the alleged agreement or the alleged modification.

■    Even if we assume that Williams had the authority to enter into an enforceable agreement to reinstate plaintiff, a point we do not decide, it is uncontroverted that plaintiff's waiver of his right to a Board of Inquiry occurred three days *before* his September meeting with Williams. For consideration to be a sufficient basis for an enforceable agreement, plaintiff's waiver of his right to a hearing before a Board of Inquiry must have been given up in exchange for the promise to reinstate his rank. *See Shelley v. Portland Tug & Barge Co.*, 158 Or 377, 387-88, 76 P2d 477 (1938). Because the waiver occurred before the meeting, there was no consideration for any promise arising out of the meeting.

Next, plaintiff argues that a new agreement to reinstate his rank resulted from the December, 1983, meeting, because Walden's memorandum constituted a new disciplinary action. Again, plaintiff contends that defendants promised to promote him back to the rank of sergeant in exchange for his waiver of his right to a hearing before a Board of Inquiry. Even assuming that such an agreement would be enforceable, there is no evidence to support the argument. Concerning the December meeting, plaintiff's affidavit says:

"I met with Superintendent Williams to discuss my restoration to my rank, after the 90-day demotion, on December *12*, 1983. My wife was present at that meeting. I had seen Lt. Walden's report, and I hand-delivered to Williams a point-by-point rebuttal showing virtually all of it was untrue and inaccurate. Mr. Williams read my rebuttal report. He expressed great surprise and stated it was 'obvious that Walden and you cannot work together due to your personality conflict.' He stated he 'wished you had transferred to another station back in September for the three-month period, because I think things would have worked out a little better.' He then asked me for my suggestions of what to do. I volunteered to extend the demotion period for three more months if I could transfer to Cottage Grove out of Walden's command. He stated, 'If that's what you are willing to do, I will create a vacancy down there and transfer you to Cottage Grove.' He stated, and I agreed as part of this deal, that I would be evaluated only by the Cottage Grove station commander on a monthly basis, and '[b]ased on those reports, if he [the Cottage Grove commander] felt that after

one month, or two months or three months, that you are doing what he expects of you, you will be reinstated to your rank' of sergeant. We completely discussed these terms and both of us agreed to them." (Emphasis in original.)

After the December meeting, plaintiff was transferred to the Cottage Grove station. In the light of the facts that plaintiff testified that he had "volunteered to extend the demotion period for three more months if he could transfer to Cottage Grove out of Walden's command" and that there is no mention of any promise by him to refrain from exercising his right to a Board of Inquiry hearing in exchange for a promise of reinstatement, we agree with the trial court that there is no genuine issue of material fact. Because there was no consideration, there could be no enforceable agreement. The trial court did not err in granting defendants' summary judgment motion.

Plaintiff's remaining assignment of error does not require discussion.

Affirmed.